SUMMARY ORDER

Petitioner Jian Jiang, a native and citizen of China, seeks review of a February 7, 2008 order of the BIA affirming the June 26, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jian Jiang, No. A 99 523 170 (B.I.A. Feb. 7, 2008), aff'g No. A 99 523 170 (Immig. Ct. N.Y. City June 26, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
As an initial matter, Jiang failed to exhaust before the BIA any argument challenging the IJ’s findings that: 1) his testimony was internally inconsistent; and 2) that his testimony was inconsistent with his asylum application. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Therefore, those findings stand as valid bases for the IJ’s credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146-147 (2d Cir.2008). Thus, the only issue before this Court is whether the IJ erred in relying on his observation of Jiang’s demeanor to support his adverse credibility determination. We find no error in the IJ’s assessment of Jiang’s demeanor. Although Jiang argues that the IJ made “vague assertions” about his testimony and failed to support his demeanor finding with examples from Jiang’s testimony, that argument is belied by the record. In assessing Jiang’s demeanor, the IJ stated that Jiang “failed to provided details to answers that one would expect [] responses to, and his answers were very short, very tight, and without a natural flow to his testimony.” We generally afford deference to the trier of fact’s assessment of demeanor and find no rea *277 son not to do so here. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir. 2005).
Ultimately, substantial evidence supports the IJ’s § 1252(b)(4)(B); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Jiang’s application for asylum, withholding of removal, and CAT relief because the only evidence that he would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148,156 (2d Cir.2006).[2]
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We find no merit in the government's argument that Jiang failed to exhaust his withholding of removal and CAT claims.